UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FILED
AUG 27 2004
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

SALVADOR BUSTOS-CASTANEDA

    Plaintiff,   *

V.   * CIVIL NO. 5:04-0925
    *
    *
WARDEN M. ANDERSON, et, al   *

    Defendant(s).   *

PETITION PURSUANT TO 28 U.S.C.
SECTION 1331

---

PETITIONER FILED IN THIS HONORABLE COURT FOR THE

SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY, WV 25813

---

BY PLAINTIFF: Salvador Bustos-Castaneda #19758-057
Federal Correction Institution-Beckley
P.O. Box 350
Beaver, WV. 25813

1331 Form

**FORM TO BE USED BY FEDERAL PRISONERS IN FILING A COMPLAINT UNDER 28 U.S.C.§ 1331**

In the United States District Court

For the SOUTHERN DIVISION OF WEST VIRGINIA

SALVADOR BUSTOS-CASTANEDA

(Enter above the full name of the plaintiff or plaintiffs in this action)

v.

Warden Marty Anderson

D. Mclain

K. Canterbury

K. M. White & Harrell Watts

(Enter the full name above of the defendant or defendants in this action).

I. Place of Present Confinement  FCI-Beckley

II. Previous Lawsuits

　A. Have you begun other lawsuits dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes _____ No  x

　B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

-2-

III. In order to proceed in federal court you must ordinarily fully exhaust your administrative remedies as to each ground on which you request action by the federal court.

  A. Did you fully exhaust, including appeals, your administrative remedies pursuant to the Bureau of Prisons Policy Statement 1330.07?    Yes __x__  No _____

  B. If your answer to A is yes,

    1. What steps did you take?

      I filed Request For Administrated Remedy

    2. What was the result?

      My requests were denied!

  C. If your answer to A is no, why not ?

IV. Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any).

  A. Name of plaintiff __Salvador Bustos-Castaneda #19758-057__
        __Federal Correctional Institute-Beckley__
        __P.O. Box 350__
        __Beaver, WV 25813__

( In Item B below, place the full name of the defendant in the first blank, his official position in the second blank. Use Item C for the names, positions, and place of employment of any additional defendants).

  B. Defendant __Marty Anderson__ is employed as __Warden__ of FCI-Beckley _____ at __Beaver, WV. 25813__

  C. Additional Defendants __All additional Defendants are employees of the Federal Bureau of Prisons and can be served at the same address as Warden Mardy Anderson__

V. Cause of Action

(List hereunder the different causes of action that are the grounds for the prosecution of this law suit.)

1. Medical Deliberate Indifference

2. Right to due process of law under the Fifth & Fourteenth Amendments

Right to be free from the infliction of cruel and unusual punishments as guaranteed by the Eighth Amendment.

3.

VI. Grounds for relief

(Hereunder set out the factual allegations that you consider as establishing a basis for your requested relief under the specific cause/s of action/s.) (If additional space is necessary. include as attachments.)

1. See attachment!

2.

3.

4.

VII. Relief sought
(Hereunder itemize the specific relief you exect to obtain on the prosecution of this law suit.)

1. Defendnat Marty Anderson is being sued in his individual and official capacity for $100,000

Defendant D. McLean is being sued in his individual and official capacity for 100, 000.

2. Defendant K. Canterbury is being sued for $25,000 in his official and individual capacity

K. M. White is being sued for 100,000 in his individual and official capacity. Defendant Harrell Watt is being sued for 100,000.
Wherefore, your Plaintiff respectfully requests that this Honorable Court grant the within relief sought and any other relief that this Court deems just and proper.

Signed this 24 day of Aug, 04.

Salvador Bustos-Castaneda
*Salvador Bustos Castaneda*

(Signature of plaintiff or plaintiffs)

Executed at FCI-Beckley, P.O. Box 350, Beaver, West Virginia

(Name of Institution, City, County)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Aug 24-04

(Date)

*Salvador Bustos Castaneda*

(Signature of plaintiff or plaintiffs)

-5-

PETITION PURSUANT TO 28 USC SECTION 1331 "ATTACHMENT"

This is a Medical Claim of Deliberate Indifference to the medical needs of Mr. Salvador Bustos-Castaneda by the Officials of the Bureau of PRisons -- thus forward referred to as Defendants. These Defendants knew of MR. Bustos-Canstaneda serious medical condition, yet disregarded the excessive risk to his health.

## STATEMENT OF CLAIM

1. ON or about July, 2003 Mr. Bustos-Castaneda was placed in the Special Housing Unit (SHU). The SHU is a housing unit where prisoners are housed for disciplinary purposes. While housed in the Shu, Bustos-Castaneda experienced excessive swelling and severe pain in his right leg. He pointed this our to Defendant McLean, who subsequently diagnosed Plaintiff as having iliofemoral thrombosis of the right leg. Defendant McLean made arrangement for Plaintiff to be transferred to a Hospital where a venous doppler study confirmed that Plaintiff had iliofemoral thrombosis.

2. Subsequently, Plaintiff underwent surgical placement of a Greenfield filter, which purportedly prevents any blood clots from lodging in his lungs.

3. After Mr. Bustos-Castaneda (Plaintiff) surgery, he was placed on a drug called Coumadin. This medication immediately resulted in Plaintiff experiencing various other complications. He experience abdominal pain, abrupt and intense pain and swelling in the right leg, foot, and toes. The medication also made him dizzy.

4. On or about 1-26-04, Plaintiff submitted a Request For Administrative Remedy Informal Resolution Form to Defendant K. Canterblury, complaining about the sever pain he was in, and requesting appropriate medical treatment and/or a transfer to a medical facility, where he would be provided the appropriate medical treatment being denied him. Defendant Canterbury arbitrarily denied Plaintiff request. See exhibit A.

5. ON or about 1-29-04 Plaintiff Bustos-Castaneda submitted his Request For Administrative Remedy to Defendant, Warden Marty Anderson, notifying him of the emotional distress he was experiencing, due to the lack of medical treatment and the disregard for excessive risk to his health, as a result of medical staff refusal to provide him with effective pain medication, or control the swelling in his right leg. Plaintiff plea fell upon deaf ears Defendant Anderson denied Plaintiff request 2-26-04.

6. On or about 3-4-04 Plaintiff Filed an appeal of Defendant Anderson response to his Request for Adm. Remedy. Plaintiff expressed his belief that the medical care he was receiving was inadequate and resulting in the deteriorating of his health. Plaintiff further requested to be transferred to a medical facility where he would be provided with pain killers and rehabilitating therapy. Defendant K.M. White denied Plaintiff appeal. see exhibit B & B-1.

7. On or about 5-4-04 Plaintiff appealed to the National

-7-

Director, explaining that he was suffering from deep vein thrombosis and in fear of dying due to lack of medical treatment. He explained that he was being denied medication for pain and an appropriate exercise program to rehabilitate his right leg. He asked for a transfer to a medical facility. Defendant Harrell Watts Denied Plaintiff appeal. see exhibit C.

8. Mr. Salvador Bustos-Castaneda is to date, in severe pain and experiencing repeatedly swelling in thie right leg. He find it very difficult to make it throughout his daily task.

9. Defendant McLean refuses to provide him with any pain medication. Defendant McLean told Plaintiff to purchase pain medication from the inmate commissary. The pain medication that is sold on the inmate commissary is not strong enough to address Mr. Bustos-Castaneda severe pain and swelling. Plaintiff Bustos-Castaneda need to be transferrred to a Medical Facility were he will be able to get the appropriate medical attention and rehabilitation.

10. Plaintiff Bustos-Castaneda suffer from a very serious illness that has been known to kill. Deep vein thrombosis or DVT causes blood clot, which may break loose, travel to the lungs, and in some instances even kill you.

11. DVT require physical therapy, which may need to be continued for years, or even the duration of the individual life. Defendant McLean and the medical staff has refused to provide me with any physical therapy, and could not even if they wanted

to because this facility is not equip to deal with my medical condition. The denial of Mr. Bustos-Castaneda request to be transferred to a facility equip to appropriately treat his medical illness is arbitrary and unreasonable and clearly a denial of the best reasonably available medical treatment..

*Salvador Bustos Castaneda*
Salvador Bustos-Castaneda

## AFFIDAVIT OF TRUTH

Raleigh county              )
                            ) ss.     Verified Declaration
West Virginia state         )

      I, Salvador Bustos Castaneda, hereinafter your Affiant Salvador Bustos Castaneda, whose mailing location is; non-assumpsit/TDC: F.C.I. Beckley, P.O. Box 350 Beaver, West Virginia [25813] - state that your Affiant is of legal age, competent to testify, have personal first hand knowledge and believe that the truths and facts herein are true, correct, complete, certain, not misleading.

[1]    That on or about January 15, 2004, through April 16, 2004, your Affiant granted this Administration ample opportunity to come with clean hands, to respond with affidavits in support and/or provide an emergency transfer; and as an operation of law D. McLain and Marty C. Anderson have admitted to the statements, claims, and your Affiant's Affidavit of Injury as verified in <u>all</u> documents attached hereto.

[2]    The criminal activity by this administration, with documentary evidence showns that prison officials had been notified of the bad health, conditions, overcrowding, and need for a transfer, and this administration did nothing to effect the transfer or answer the Affidavit of Injury, under Oath.

[3]    This administration, as other federal prison employee's do, believes they are "above the law" and can "get away with murder" is amply supported by Marty C. Anderson's ruling in his favor and to "protect their own."

[4]    This administration has exhibited <u>amusement</u> that your Affiant may die while incarcerated because of improper and inadequate medical care; the personnel tampering, delaying, and obstructing medication to cut costs; a procedure apparently adopted as a nation wide practice by the Bureau of Prisons as a cost-cutting measure-sick inmates costs the BOP a fortune, while dead inmates cost nothing.

[5]    Your Affiant was being precariously exposed to premature death due to the "games" being played with your Affiant's medication prescribed by D. McLain; under this yardstick, your Affiant Salvador Bustos Castaneda has <u>no</u> rights (including, apparently, the "right to life" given by the Fifth Amendment) in the custody of the Federal Correctional Institution in Beckley, West Virginia.

Further Affiant saith naught.

Executed this _fourth_ day of the _fifth_ month, two thousand four.

L.S. _Salvador Bustos Castaneda_ _____ No Dolus
Salvador Bustos Castaneda, your Affiant, witness and victim of criminal activity.

    Subscribed and Affirmed to before me, this 4th day of May, 2004.

    Notary Signature and Seal:

File No. 050204-SBC
Page 1 of 1

"Authorized By The Act Of July 27, 1955 To Administer Oaths (18 USC 4004)."
_Karl Frantz (SW)_
Case Manager

## AFFIDAVIT OF INJURY
## AS A CONTINUATION PAGE

Raleigh county                       )    **Fiat Justitia, Ruat Coelum**
West Virginia state                  )  ss. Let Right Be Done, Though the
united states of America, 1791 C.E. )    Heavens Should Fail

     I, Salvador Bustos Castaneda, **in propria persona**, moving sui juris, hereinafter Affiant, a living breathing man, declare by my signature that the following facts herein are **true, correct, complete and not misleading.**

[1] That on August 25th, 2003, Affiant was diagnosed with deep vein thrombosis (DVT) by being in the Special Housing Unit of the Federal Correctional Institution Beckley for three (3) weeks in a small room, where Affiant was in pain and suffering for a long period of time, which put him at risk for swelling and pain with clot in the lower part of cava and iliofemoral area on the right side, which constitutes as an **injury-in-fact.**

[2] Affiant was diagnosed with deep vein thrombosis that begins with blood clot in the leg that can travel to the lungs, causing a pulmonary embolism and often death.

[3] Affiant is in fear for his physical safety when Affiant was anticoagulated with Coumadim that cannot be mixed with Acetaminophen, and the most serious risk associated with Coumadim treatment are hemorrhage in any tissue or organ and, less frequently, the destruction of skin tissue cells or gangrene which result in death or permanent disability.

[4] Affiant was prescribed Acetaminophen 500 MG CAP by the **deliberate indifference** of physician D. McLain that can inhibit platelet aggregation, and can cause gastrointestinal bleeding, peptic ulceration and/or perforation that is a deadly risk to Affiant, which this appears to be criminal activity and would be unlawful for Affiant not to report these facts to the proper authorities by way of this Affidavit.

[5] Affiant is **not** in a safe facility that has only one (1) staff member at night, with a deliberate and unreasonable lack of medical care and not able to provide Affiant the professional medical treatment, necessary surgery, and safe medication that is needed in case of a full blown emergency.

Further Affiant saith naught.

Executed this _twenty-First_ day of the _third_ month, two thousand four.
L.S. _Salvador Bustos Castaneda_ No Dolus
**Salvador Bustos Castaneda, Affiant [#19758-057]**

Before me, a Notary for West Virginia state, appeared Salvador Bustos Castaneda and affirms to the truthfulness of the facts stated herein and placed His Seal, in my presence on this <u>21st.</u> day of March, 2004.

Notary Signature and Seal:

File No. 032104-SBC
Page 1 of 1

"Authorized **By The Act Of July** 27, 1955 **To Administer Oaths** (18 USC 4004)."

_Jane Frantz (sw)_
Case Manager

```
                                                    4C-1330.13b
                                                    October 2, 1999
                                                    Attachment A


                    REQUEST FOR ADMINISTRATIVE REMEDY
                        INFORMAL RESOLUTION FORM
                       FCI BECKLEY, WEST VIRGINIA
```

The Bureau of Prisons Program Statement on Administrative Remedy Procedures for Inmates states that before an inmate seeks formal review of a complaint, he must try to resolve the complaint informally by presenting it to a staff member. The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INMATE'S NAME: **Bustos Castaneda, S.**   NO. **19758-057**   UNIT **PBL**

1. Specific Complaint: Ever since August 2003, I've complained to Dr. M°Clein and sick-call staff of acute pain stemming from my primary medical condition that's causing me severe discomfort whereas the doctor has refused to ameliorate my threatening condition which deprives me of sleep.

2. Relief Requested: I need to speak to and be examined by my health care physician who seems to be reluctant to treat foreigners. I request his a chronic care patient to be thoroughly treated or transferre

3. Date/Time Complaint received from inmate: **1-15-04   3:30 PM**

4. Date/Time Informally discussed with inmate: **1-26-04   3:00 PM**

5. Staff Response: Your Medical File shows no history of a sleep related condition

6. Date Administrative Remedy provided: **1-26-04**

7. Informal Resolution was / (was not) accomplished.

**Salvador Bustos C**                              **Salvador Bustos C  1-29-04**
INMATE'S SIGNATURE/REGISTER NO.                     DATE

**K. Centu  CCC**                                   **1-26-04**
STAFF MEMBER'S NAME & TITLE                         DATE

**K Bell**                                          **1/29/04**
UNIT MANAGER'S SIGNATURE                            DATE

DISTRIBUTION: If the complaint is informally resolved before being received, the correctional counselors shall maintain the informal resolution form for future reference. If the complaint is not informally resolved, forward the original resolution form attached to the Administrative Remedy Form to the Administrative Remedy Clerk.

U.S. DEPARTMENT OF JUSTICE     REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __BUSTOS-CASTANEDO, Salvador__    __19758-057__   __PBL__    __F.C.I. Beckley__
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.    UNIT       INSTITUTION

**Part A- INMATE REQUEST**

This appeal is remarkably sensitive because c/c K. Canterbury alludes to the underlining issue of "sleep deprivation", whereas my immediate state of concern to 'ameliorate' is the iliofermol thrombosis that is causing (I believe) other ailments, that's stemming from the medication (COUMADIN). Currently, I have been informed by both Dr. Rhineberg (?) (1-2-04) that I may have "appendicitis" during a sick-call visit, and by P.A. Koby (1-27-04) that I may have a "hernia". Health Service is not taking my plights serious enough, nor has anyone done an examination or taken an x-ray of the plausibility of a hernia/appendicitis. This is a show of deliberate indifference and causation of both emotional distress and physical injury that's adversely effecting my already unstable condition. I am a chronic care patient and have utilized the sick-call procedures zealously, but to no avail, has it been successful/commensurate for my well-being. I hereby request to be (1) properly evaluated, examined and or xrayed (for what both medical personnel have separately surmised without fact); (2) to have an interpreter present during my review with my primary health care provider; and (3) placed on the list to see the surgeon as soon as possible, or, in the alternative, transferred to a medical facility that's more commensurate to my medical plights than what a 'level-three' quasi-medical institution can provide for the illness and internal injuries that I may currently have.

January 29, 2004                        Salvador Bustos C.
     DATE                                       SIGNATURE OF REQUESTER

**Part B- RESPONSE**

FEB 03 2004
NT

2/26/04
DATE                                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE             CASE NUMBER: __323805-F1__

                                            CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____    _____   _____   _____
          LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT      INSTITUTION

SUBJECT: _____

      DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)       BP-229(13)
USP LVN        Printed on Recycled Paper                                         APRIL 1982

**U.S. Department of Justice**  **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Castaneda, Salvador B.**      **[#19758-057]**      **Pine-B-Lower**      **Beckley F.C.I.**
         LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.                    UNIT                      INSTITUTION

**Part A—REASON FOR APPEAL**
**NOTICE:** Salvador Bustos Castaneda, the Aggrieved Party, claiming **all** of his Rights at all times and waiving none of his rights at anytime, makes this special visitation as a victim and witness of criminal activity and deliberate indifference to move this Regional Director to immediately exercise your inherent power with a true, correct, and complete answer to the attached Affidavit of Injury, with a notarized Affidavit, made under the penalties of perjury within thirty (30) days and/or provide an **order** for an emergency transfer to an authorized medical institution with medical expertise in deep vein thrombosis (DVT), or all officers, agents, employees, trustees, fiduciaries under any capacity associated with the injury-in-fact and deliberate indifference of Aggrieved Party have waived **all** sovereign immunity and are liable and responsible in their private capacity without the protection of the corporate veil of the agency known as the Federal Bureau of Prisons and consent to be sued, based on a non-response (delictual fault) to provide such disclosure, material facts and an immediate transfer. Aggrieved Party reserves the right to present all attachments, exhibits, documents, endorsements, schedules, files, medical evaluations, and medical treatments as a **discovery** for a civil, criminal, or commercial process. If no answer is forthcoming, please forward all documentation to the Attorney General for a complete and thorough investigation of crimes involving Government officers and employees [28 U.S.C. § 535(b)].
**NOTICE TO PRINCIPAL IS NOTICE TO AGENT AND VIZ A VIZ** *Salvador Bustos Castaneda*
            DATE: 3-21-04                                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
MAR 30 2004
BUREAU OF PRISONS
MARO REGIONAL COUNSEL

---
            DATE                                                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                              CASE NUMBER: _____

---

**Part C—RECEIPT**
                                                                        CASE NUMBER: **323805-R3**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.            UNIT          INSTITUTION

SUBJECT: _____

---
USP LVN      DATE      Previous editions not usable     SIGNATURE, RECIPIENT OF REGIONAL APPEAL     BP-230(13) APRIL 1982

## ADMINISTRATIVE REMEDY REGIONAL APPEAL
### PART B - RESPONSE

Date Filed: March 30, 3004    Remedy I.D. No: 323805-R2

You appeal the Warden's response to your Request for Administrative Remedy. You request medical care for your condition or transfer to a medical referral center.

Review of your appeal with institution staff indicates clinical staff are aware of your condition. You are evaluated on a regular basis and are prescribed medication. Clinical staff are capable of treating your condition at your current institution. There is no need for you to be transferred to a medical referral center at this time. Clinical staff are available to care for your medical needs on a daily basis. Should you require their services, you should utilize routine sick call procedures.

Your appeal of the Warden's response is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

APR 1 6 2004
Date

K. M. White, Regional Director
Mid-Atlantic Regional Office

**U.S. Department of Justice**
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Castaneda, Salvador B.** [#19758-057] Pine-B-Lower Beckley F.C.I.
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL**

**NOTICE:** This Administration is committing criminal offenses of its own under Lying and Covering up [18 U.S.C. § 1001]; Deprivation of rights under color of law [18 U.S.C. § 242]; Conspiracy against rights of citizens [18 U.S.C. § 241]; your program statement(s): 3420.09 Standards of Employee Conduct, page 6 Section 12 and 16, and page 12 Section 32; BEC-6001.056 Medical Treatment, and also 5 CFR part 735, Employee Responsibilities and Conduct, Subpart (b) in order to administratively <u>murder</u> this Aggrieved Party should be self-evident to any outside observer. Aggrieved Party believes that the actions and omissions of this administration, known and unknown, constitute a violation of Aggrieved Party's Eighth Amendment Rights to adequate medical care. Aggrieved Party is forced to suffer needless pain, wrong prescribed medication that causes bleeding, and unnecessary delay in providing an emergency transfer for surgery is **deliberately indifferent** to Aggrieved Party's needs, and it would be unlawful for Aggrieved Party not to report these facts to the proper authorities by way of the **Affidavit of Truth** attached hereto and incorporated herein by reference.

**NOTICE TO PRINCIPAL IS NOTICE TO AGENT AND VIZ A VIZ:**

5-4-04 _Salvador Bustos Castaneda_
DATE | SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL
CASE NUMBER: 323805-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____ | _____
DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982
USP LVN

**Administrative Remedy No. 323805-A1**
**Part B- Response**

This is in response to your Central Office Administrative Remedy Appeal in which you request a medical transfer so that you can undergo surgical correction for deep vein thrombosis.

Relevant portions of your medical record were reviewed which indicate you have a history of deep vein thrombosis and asthma. You have a Greenfield filter in place to prevent blood clots from going to your lungs. You are on blood thinning medication to attempt to prevent recurrent blood clots. Surgery is not performed on the deep veins of individuals with recurrent deep venous thrombosis, since it has no benefit and would make the swelling in your leg worse. FCI Beckley medical staff are regularly monitoring your medical condition through chronic care clinic and sick call. There is no clinical indication which would warrant you receiving a medical transfer at this time.

Your appeal is denied.

_June 18, 2004_
Date

_Harrell Watts_, Administrator
National Inmate Appeals

**REQUEST FOR ADMINISTRATIVE REMEDY**  BEC-323805-F1
**INMATE: BUSTOS, Salvador**
**Reg. No.: 19758-057**

Your Request for Administrative Remedy received February 3, 2004, wherein you have requested a proper medical evaluation, has been reviewed. Specifically, you contend you suffer from a chronic illness which requires you to take the medication Coumadin, which is causing other ailments. You state you have not been properly evaluated or diagnosed by the health services staff, and require an interpreter being present during your medical visits. Furthermore, you have requested to be moved to a medical facility which can care for your chronic medical needs.

A review of your medical record reveals you were diagnosed with a deep vein thrombosis (DVT) on October 2, 2003. Since then, you have underwent surgical placement of a Greenfield filter, which prevents any blood clots from lodging in your lungs. You have been followed in chronic care clinics every three months for this condition, and laboratory tests are completed monthly in order to monitor your bleeding times. You were evaluated by the Clinical Director on February 13, 2004, during which time, you denied the need for an interpreter. You easily responded to the medical questions asked of you, and voiced appropriately what your current treatment plan was. You were advised during this visit there was no current clinical indication for a transfer to a medical facility. Your condition will continue to be monitored through chronic care clinics. You received a thorough medical examination on February 13, 2004, at which time you were advised of your medical treatment plan, although you denied the need for an interpreter. In addition, further diagnostic studies have been ordered in order to rule out any abnormalities. Based on the February 13, 2004, examination, there is no indication for a transfer to a medical facility at this time. Any immediate health concerns should be addressed through sick call.

Based on this review, your request for administrative relief has been partially granted. If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701, within twenty(20) calendar days of the date of this response.

2/26/04
_____
Date

_____
Marty C. Anderson, Warden